IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS A. ESQUER,

    Plaintiff,

v.                                                    Civ. No. 15-91 MV/KK

STATE OF NEW MEXICO *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL
## AND MOTION FOR PRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 3), filed February 2, 2015, and Plaintiff's Motion for Production (Doc. 7), filed March 19, 2015. For the following reasons, the Court FINDS that Plaintiff's motions are not well taken and will be DENIED.

### *Background*

Plaintiff Markos Esquer is currently incarcerated at the Bernalillo County Metropolitan Detention Center and is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983. (Doc. 16.) Plaintiff filed this federal civil action on February 2, 2015. (Doc. 1.) In his complaint, Plaintiff alleges that Defendants the State of New Mexico and the New Mexico Corrections Department violated his civil rights by imprisoning him pursuant to *State of New Mexico v. Esquer*, D-202-CR-2010-01576, for approximately six (6) months after he was released pursuant to a final discharge of his judgment and sentence in that case. (*See, e.g.*, Doc. 1 at 3, 7; Doc. 16 at 1, 3.) Presently before the Court are two motions, specifically, Plaintiff's February 2, 2015 Motion to Appoint Counsel (Doc. 3), and Plaintiff's March 19, 2015 Motion for Production (Doc. 7).

*Analysis*

**1.     Plaintiff's Motion to Appoint Counsel**

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted). The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for *pro bono* counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff does not address the *Rucks* factors in his motion, except to state that he does "not know much about the law," "need[s] counsel," and "cannot get all the required paperwork or furnish discovery without the assistance of counsel." (Doc. 3 at 1.) After careful consideration, the Court finds that the *Rucks* factors weigh against the Court requesting *pro bono* counsel for Plaintiff at this time. 57 F.3d at 979. As to the first factor, Plaintiff's complaint appears to contain serious flaws, including the failure to name as defendants any "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). That Plaintiff's claims appear to lack merit weighs against the Court requesting *pro bono* counsel to

2

represent him.  *Rucks*, 57 F.3d at 979.  The second and fourth *Rucks* factors also weigh against the Court making such a request. *Id.*  The factual issues presented in Plaintiff's complaint appear straightforward, revolving around a single question, *i.e.*, were Defendants authorized to imprison Plaintiff from November 19, 2013 to April 8, 2014?  (Doc. 1 at 7; Doc. 16 at 1.)  Likewise, the applicable law, although it appears to disfavor Plaintiff's claims, nevertheless seems clear and well-settled at this juncture.

The third *Rucks* factor, 57 F.3d at 979, although somewhat less conclusive, on the whole also weighs against the Court requesting *pro bono* counsel for Plaintiff.  Despite the flaws in his complaint, Plaintiff has in general been able to explain to the Court what he seeks and why he seeks it, and to include citations to legal authority.  Plaintiff would likely have an easier time pursuing his lawsuit if an attorney represented him.  However, this is true of virtually any *pro se* litigant.  *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").  Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a request for *pro bono* counsel, Plaintiff's motion will be denied.  To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

2. **Plaintiff's Motion for Production**

As noted above, Plaintiff brings this case *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The case has not yet been reviewed pursuant to 28 U.S.C. § 1915A, and Defendants have not been served with process.  In these circumstances, the Court finds that Plaintiff's Motion for

Production, in which Plaintiff seeks discovery, is premature. The Court will therefore deny Plaintiff's Motion for Production without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 3) is DENIED. The Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's Motion for Production (Doc. 7) is DENIED without prejudice.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE