IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARKOS A. ESQUER,

    Plaintiff,

    v.                                         No. CIV 15-0091 MV/KK

STATE OF NEW MEXICO,
DEPT. OF CORRECTIONS,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court has the duty to raise and determine *sua sponte* under rule 12(b)(1) of the Federal Rules of Civil Procedure whether it has subject matter jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico and the Corrections Department as Defendants.  Plaintiff alleges that, two days after he discharged a state criminal sentence and was released from prison, he was taken back in to custody on the same case and returned to prison for six months.  He asserts that the additional time extended his incarceration beyond the sentence that the state court imposed and amounted to false imprisonment.  The complaint seeks damages.

The State of New Mexico's sovereign immunity precludes this Court's exercise of jurisdiction of the subject matter of Plaintiff's claim.

> "We have repeatedly held that unless a state waives its immunity by consenting to suit or Congress has abrogated the state's sovereign immunity, 'the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.' The State . . . has not consented to be sued in this case and the United States Supreme Court has previously determined that Congress' passage of § 1983 did not abrogate the state's sovereign immunity."

*Barnett v. State of Colorado*, 78 F. App'x 74, 76-77 (10th Cir. 2003) (internal citations omitted). This immunity includes a state's agencies such as the Corrections Department.  *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  As a result " 'the subject matter jurisdiction of the district court . . . must be resolved before a court may address the merits of [a plaintiff's] underlying . . . claim.' . . .  Accordingly, the district court should have dismissed these claims for want of jurisdiction under the Eleventh Amendment and § 1983."  *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003).  Here, because the Court has no jurisdiction of Plaintiff's claim, the complaint will be dismissed for lack of jurisdiction "without prejudice to refiling in state court."  *Atkinson-Bird v. State of Utah*, 92 F. App'x 645, 648 (10th Cir. 2004).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice for lack of jurisdiction, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE